UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ST. LOUIS COUNTY BRANCH OF         )
THE NATIONAL ASSOCIATION FOR       )
THE ADVANCEMENT OF COLORED         )
PEOPLE (NAACP), et al.,            )
                                   )
            Plaintiffs,            )
                                   )
    v.                             )   No. 4:03-CV-187 (CEJ)
                                   )
BOARD OF ELECTION                  )
COMMISSIONERS OF THE COUNTY        )
OF ST. LOUIS, et al.,              )
                                   )
            Defendants.            )

### MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for partial summary judgment. Plaintiffs have filed a response in opposition to the motion; defendants have not filed a reply.

Plaintiffs are registered voters and residents of St. Louis County, Missouri who hold various elected offices and the NAACP chapter of St. Louis County. They challenge the reapportionment plan adopted by the defendant Board of Election Commissioners (the Board) after the 2000 census. Defendants move for summary judgment on Count IV of the complaint in which the plaintiffs allege that defendants improperly deliberated in private before adopting the reapportionment plan in violation of the Missouri Sunshine Law, Mo. Rev. Stat. §§ 610.010 et seq.

### I.    Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

## II. Factual Background

Following the 2000 census, the Missouri General Assembly passed legislation directing the Board, no later than November 27, 2002, to reapportion the County into "twenty-eight compact and contiguous townships containing populations as nearly equal in population to each other as is practical." Mo. Rev. Stat. § 115.607.6. The Board met on November 26, 2002, and adopted a new township map. Plaintiffs

allege that, before November 26, 2002, the Board met privately and deliberated proposed reapportionment plans. They also allege that the Board failed to properly post notice of the November 26, 2002, meeting.

The Board is composed of four commissioners and employs a staff headed by two directors. Board chair Richard Sullivan and commissioners Pamela Wright, Barbara Enneking, and Linda Locke separately attest by affidavit that they "did not consult with any of the staff members regarding substantive changes to the new township boundary map" before November 26, 2002. Directors Judy Taylor and David Welch state in their affidavits that they and two election staff members worked with the St. Louis County Planning Department to set new township boundaries. They further state that they did not meet with any member of the Board regarding the new township boundaries except during regular, monthly, open meetings, where they reported that the staff was working on the new township boundaries. Taylor and Welch held a public hearing on November 14, 2002, following which minor changes were made to the proposed township map. Later, Taylor and Welch presented the proposed map to the Board at its November 26, 2002 meeting, where it was adopted by resolution. A copy of the notice of the meeting is included with defendants' exhibits. According to the affidavits, the notice was publicly posted more than twenty-four hours before the meeting.

### III. Discussion

The Missouri Sunshine Law provides that "[i]t is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public

unless otherwise provided by law." § 610.011.1. Notice of public meetings must be posted at least twenty-four hours in advance. § 610.020.2. A "public meeting" is "any meeting of a public governmental body . . . at which any public business is discussed, decided, or public policy formulated . . ." § 610.010(5). The parties do not dispute that the Board is a public governmental body subject to these requirements, or that a meeting to discuss the new township boundary map would be public business. In dispute is whether the Board met privately to discuss the new map without posting notice before the November 26, 2002, meeting and whether proper notice of the meeting was given. See Kansas City Star Co. v. Fulson, 859 S.W.2d 934, 939 (Mo. Ct. App. 1993) (Open Meetings Law violated by showing that governmental body either held closed meeting or failed to give notice).

The evidence establishes that the proposed township map was prepared by Board staff members, and that there was no communication between the commissioners and the individuals who were working on the map until the Board meeting on November 26, 2002. Clearly, if the commissioners did not have the map until November 26th, they could not have discussed it with each other before that date.

The sole evidence plaintiffs offer in support of their claim is the affidavit of plaintiff Elbert A. Walton, Jr., who was re-elected as a committee person from the Halls Ferry Township in 2000. Walton testifies that his actions during negotiations over the reapportionment of the Missouri House of Representatives and Senate antagonized the Democratic director of the Board. Walton also testifies that, before November 26, 2002, he received "confidential"

phone calls from informants stating that the Democratic director had proposed a reapportionment plan that would, among other things, eliminate the Halls Ferry Township and increase the number of white Democratic committee persons by two and decrease the number of black Democratic committee persons by two. Walton further states that his informants told him that the Board had conferred and agreed to the proposed plan.

The only portion of Walton's testimony relevant to plaintiffs' Sunshine Law claim -- the confidential phone calls from informants -- is inadmissible hearsay. Plaintiffs' speculation that the Board must have met to debate the merits of the proposed map before voting on November 26th is unsupported by any evidence and thus cannot create a dispute of material fact. Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003) (case founded on speculation or suspicion insufficient to survive summary judgment). Defendants' uncontroverted evidence establishes that the staff did not discuss with, or provide to, the Board the proposed reapportionment map before the November 26th meeting.

Additionally, the defendants' evidence establishes that the notice of the meeting was publicly posted twenty-four hours before the November 26th Board meeting. The plaintiffs have presented no evidence or argument to the contrary. Thus, the defendants complied with the notice requirement of the Sunshine Law.

For the foregoing reasons, the Court concludes that the defendants are entitled to summary judgment on plaintiffs' Sunshine Law claim in Count IV.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment on Count IV of plaintiffs' complaint [#18] is **granted**.

*/s/ Carol E. Jackson*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2003.